José N. Cabán, Petitioner and Appellant, *v.* Balbino Gonzá-
lez Montalvo, Warden of the District Court of San
Juan, P. R., Appellee.

No. 9671. Argued May 3, 1948.—Decided May 25, 1948.

*Félix Ochoteco* and *Luis E. Dubón* for appellant. *Luis Negrón Fer-
nández, Attorney General,* and *J. Rivera Barreras, Prosecuting
Attorney,* for appellee.

Mr. Chief Justice Travieso delivered the opinion of the
Court.

José N. Cabán, petitioner-appellant herein, was convicted
in the Municipal Court of Bayamón of a violation of § 93 of
the Penal Code and sentenced to pay a fine of $300 or, in
default of such payment, to a term of 90 days in jail. Since
he failed to pay the fine he was committed to the District
Jail of San Juan.

On August 21, 1947, Cabán filed in the District Court
of San Juan a petition for habeas corpus, in which he alleged
that his incarceration was illegal because the judgment
rendered by the Municipal Court of Bayamón was null and
void. The alleged nullity consisted in that, since the hearing
of the case was held on August 5, 1947, and since the defend-
ant had requested on the 18th of that same month that judg-
ment be rendered, it was not rendered until August 21, 1947,
when the court lacked jurisdiction to render it, all this in

violation of the provisions of § 29 (4) of the Code of Criminal Procedure in force.[1] In the petition it is alleged that before the judgment was rendered, the petitioner challenged the jurisdiction of the court and that his objection was overruled.

In his answer to the petition the respondent warden alleged that during the trial, at the close of the evidence for the People and without the defendant introducing any evidence whatsoever, the defendant through his attorney requested from the municipal court to grant him a term of 5 days to file a memorandum, without stating the questions of law which he would discuss therein; that the court granted the defendant the term requested and allowed a term of 2 days to the district attorney to answer the defendant's memorandum; that subsequently, on August 10, 1947, the defendant's attorney requested and was granted an extension of 5 days to file his memorandum; that said extension became due on August 16, 1947, without the defendant having filed the memorandum or taken any step in the municipal court up to the 18th of that month, when he filed a motion stating that he had until August 18 to file the memorandum that he waived its filing, and requested that judgment be rendered according to law; that on that same day, August 18, the court summoned the defendant to appear on the 21st at 9:00 a.m. for the pronouncement of the sentence; that the defendant at no time whatsoever requested that judgment be rendered immediately; and that it was not until August 21, 1947, that the defendant appeared assisted by his attorney, who requested that the defendant be discharged, since the court lacked jurisdiction to render judgment, it having failed to do so within the 24 hours following August 18, 1947.

---

[1] "Section 29.—After having heard the charge, if the defendant plead 'not guilty' the justice shall proceed as follows:

".    .    .    .    .    .    .    .    .    .    .

"Fourth. The justice of the peace shall then consider the evidence, and within twenty-four hours thereafter render his decision. . . ."

The petition for habeas corpus was heard in the District Court of San Juan, which rendered judgment denying the petition, with costs against the petitioner. Feeling aggrieved by that judgment, the defendant took the present appeal.

■■ The only question to be decided is whether the municipal court had jurisdiction to render judgment against the defendant on August 21, 1947.

The question is not new in this jurisdiction. Construing the provisions of subdivision 5, § 29 of the Code of Criminal Procedure, we held in *People* v. *Acosta*, 40 P.R.R. 451, that "in an appeal from a municipal court in a criminal case, a district court, in the absence of *force majeure*, is bound to render judgment within two days after the trial." In said case we cited with approval the decisions of this Court in *People* v. *Cardona*, 36 P.R.R. 556, 558, and *People* v. *Rodríguez Alberty*, 39 P.R.R. 547, wherein it was held, as an exception to the general rule that when the date for rendering judgment is postponed by the court in the presence of the parties and they do not object, the maxim *consensus tollit errorem*, that is, consent cures error, should be applied.

In *Ríos* v. *People*, 47 P.R.R. 674, applying subdivision 4, § 29 of the Code of Criminal Procedure, we held that the municipal court had already lost its jurisdiction over the case when it rendered judgment four days after the trial had ended. In *Padilla* v. *People*, 42 P.R.R. 876, we held that the failure to render judgment within 24 hours is error, and we added: "Nevertheless, the jurisprudence shows that this is a privilege that the defendant himself may waive. (Citing authorities.) We cannot agree that a municipal court loses jurisdiction when it postpones judgment at the instance of the defendant. It seems to us that not even in a criminal case can a defendant take advantage of his own wrong."

In *People* v. *Rodríguez*, 63 P.R.R. 1, the facts were almost identical with those of the instant case. At the close of the trial of the case in the municipal court, both parties requested a term to file briefs. Seven months after the briefs were

filed the judge rendered a judgment of conviction. The defendant appealed and alleged in the district court that the judgment appealed from was void for lack of jurisdiction, since it had not been rendered within the 24 hours following the day on which the case was finally submitted. The defendant did not even try to prove that he had taken any step to have the judgment rendered within a reasonable time after the filing of the briefs. We held:

". . . By requesting a term to file briefs the parties waive their right to have the judgment rendered within 24 hours after such filing, for it must be presumed that a judge needs a reasonable time to study the briefs. In our judgment, to this situation is applicable what was said by this court in *People* v. *Lebrón,* 61 P.R.R. 634, 641, . . ."

According to the admitted facts, at the end of the trial the defendant requested a term of 5 days to file a brief, thus preventing the court from rendering judgment within the 24 hours following. Not satisfied with the 5 days allowed to him, the defendant requested 5 days more which were also granted to him. It was after the expiration of that extension that the defendant notified the court that he had abandoned his intention to file a brief. The defendant cannot blame anybody but himself if the period from August 5 to 18, 1947 was allowed to elapse without the court having rendered judgment against him. By requesting a term to file a brief, the defendant waived his right that judgment be rendered within the 24 hours following the day on which the trial of the case ended. Since he had waived that right, the defendant could not revive it at his will or convenience by merely informing the court that he had abandoned his intention to file a memorandum. From that time, the only right which the defendant had was to take steps to have the court render judgment within a reasonable time. The court did so when it rendered, on August 21, 1947, the judgment requested on the 18th of that same month.

774

Taking into consideration all the facts and circumstances of this case, we are of the opinion that the municipal court retained its jurisdiction to render judgment, and that said judgment was rendered within a reasonable time.

The judgment appealed from will be affirmed.

Mr. Justice De Jesús did not participate herein.